IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| YVONNE LeBLANC<br>Pottstown, PA 19464 | : | |
| | : | |
| Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
| v. | : | |
| | : | |
| THE HILL SCHOOL | : | JURY TRIAL DEMANDED |
| 717 E. High Street<br>Pottstown, PA 19464 | : | |
| | : | |
| Defendant. | : | |
| | : | |

## COMPLAINT

### I. INTRODUCTION

Plaintiff, Dr. Yvonne LeBlanc, brings this action against her current employer, The Hill School ("Defendant"). Dr. LeBlanc has been subjected to a hostile work environment and relentless campaign of retaliatory actions by Defendant because she has complained on several occasions about sex and age discriminatory conduct by Defendant. Dr. LeBlanc, who is currently sixty-four (64) years old, has been stonewalled, isolated, and targeted by Defendant The Hill School because of her sex and age and complaints of discrimination on the basis of the same. Further, after being told that she is not the "future of the school" and "in the way," Dr. LeBlanc has been notified that her contract for the upcoming school year has not been renewed for the first time in fourteen (14) years. Accordingly, Dr. LeBlanc's employment with Defendant The Hill School is coming to an unceremonious end in June 2014, serving as the final act of retaliation by Defendant The Hill School against Plaintiff Dr. LeBlanc.

Plaintiff has been subjected to a hostile work environment, discriminated against on the basis of her sex and age, and retaliated against because of her complaints of discrimination in

violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA"), and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

Plaintiff seeks all damages, including economic loss, compensatory and punitive damages, and all other relief under applicable federal and state law as this Court deems appropriate.

## II.   **PARTIES**

1.    Plaintiff, Dr. Yvonne LeBlanc, is a female individual and citizen of the Commonwealth of Pennsylvania.

2.    Plaintiff is currently sixty-four (64) years old.

3.    Defendant The Hill School is a preparatory boarding school with a principal place of business at 717 E. High Street, Pottstown, PA 19464.

4.    Defendant is engaged in an industry affecting interstate commerce and regularly conducts business in the Commonwealth of Pennsylvania.

5.    At all times material hereto, Defendant was acting by and through authorized agents, servants, workmen and/or employees acting within the course and scope of their employment or agency with Defendant.

6.    At all times material hereto, Defendant employed more than twenty (20) individuals.

7.    Defendant is an employer within the meaning of the statutes that form the basis of this matter.

8.    At all times material hereto, Plaintiff was an employee of Defendant within the

meaning of the statutes that form the basis of this matter.

### III.   JURISDICTION AND VENUE

9.     The causes of action that form the basis of this matter arise under Title VII, the ADEA and the PHRA.

10.     The District Court has jurisdiction over Count I (Title VII) pursuant to 42 U.S.C. §2000e-5 and 28 U.S.C. §1331.

11.     The District Court has jurisdiction over Count II (ADEA) pursuant to 29 U.S.C. §626(c) and 28 U.S.C. §1331.

12.     The District Court has supplemental jurisdiction over Count III (PHRA) pursuant to 28 U.S.C. §1367.

13.     Venue is proper in the District Court under 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred within this District.

14.     On or about July 10, 2012 Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC"), complaining of the acts of discrimination alleged herein.   This Charge was cross-filed with the Pennsylvania Human Relations Commission ("PHRC").  Attached hereto, incorporated herein and marked as Exhibit 1 is a true and correct copy of the EEOC Charge of Discrimination.

15.     On or about August 8, 2012, Plaintiff filed an amended second Charge of Discrimination with the EEOC, complaining of the acts of discrimination and retaliation alleged herein.  This Charge was cross-filed with the PHRC.  Attached hereto, incorporated herein and marked as Exhibit 2 is a true and correct copy of that EEOC Charge of Discrimination and Retaliation.

16.     On or about March 17, 2014, the EEOC issued to Plaintiff a Notice of Right to

Sue (Issued on Request) pertaining to each of the above-mentioned EEOC Charges. Attached hereto, incorporated herein and marked as Exhibit 3 and Exhibit 4 are true and correct copies of those notices.

17. Plaintiff has fully complied with all administrative prerequisites for the commencement of this action.

## IV.   FACTUAL ALLEGATIONS

18. Dr. Yvonne LeBlanc was born on August 4, 1949.

19. She received an M.A. and Ph.D. in French Literature from New York University, and has been an educator her entire adult-life.

20. From 1977 until 2000, Dr. LeBlanc worked as a teacher at several prestigious preparatory schools and as an adjunct and assistant professor at universities and colleges in New York and South Carolina.

21. Dr. LeBlanc has over thirty-five (35) years of experience in secondary and college-level French language instruction encompassing all age groups from sixth grade through college and in a variety of settings ranging from culinary to preparatory schools.

22. Dr. LeBlanc was hired by Defendant The Hill School in 2000 as a French Instructor. At the time, Dr. LeBlanc was fifty (50) years old. She was also the only teacher within the Modern Language Department of Defendant The Hill School to have a doctorate degree.

23. Defendant The Hill School is a private boarding high school in Pottstown, Pennsylvania with around 500 students and over 100 employees.

24. In addition to her teaching duties at Defendant The Hill School, Dr. LeBlanc was a prolific presenter at international and national conferences, reviewer of articles on medieval

and early-modern poetry, and a reader for the annual Advanced Placement ("AP") French exam given to high school students across the country.

25.     By way of further example of Dr. LeBlanc's success as an instructor with Defendant The Hill School, in 2011 Dr. LeBlanc received a $10,000 stipend to spend the summer working and writing in France, which was based on her merit and tenure with the school.  Dr. LeBlanc was also the winner of a seminar award given by the National Endowment for the Humanities.

26.     Throughout her tenure at Defendant The Hill School, Dr. LeBlanc immersed herself into the community of this preparatory boarding school.  By way of example, Dr. LeBlanc lived on campus and served for nine (9) years as a dorm parent for a female dorm.  Dr. LeBlanc coached intramural sports, managed students in the dining room, performed weekend duties, and worked shifts at the campus library in addition to maintaining her teaching duties.

27.     From 1993 until June 2012, the Headmaster for Defendant The Hill School was David R. Dougherty.

28.     From her date of hire in 2000 until February 2012, Dr. LeBlanc had never received a negative performance review from Defendant The Hill School.  She had never been placed on a performance improvement plan, given a written disciplinary notice, or notified that her performance was deficient.

29.     Rather, during these years Dr. LeBlanc was often praised for her leadership skills, her creativity in the classroom, her willingness to incorporate new technologies into her teaching, the passage rates of her students on the French AP exam, and her value to the community.

30.     For each academic year, until the 2014-2015 academic year, Dr. LeBlanc's yearly contract was renewed and she consistently received salary increases and many responsibilities on

campus and within the Modern Language Department.

31.    On or about February 24, 2012, Dr. LeBlanc received notification for the first time in her career at Defendant The Hill School that she would be placed on probation for the upcoming academic year.

32.    At that point, Dr. LeBlanc was sixty-two (62) years old and had been an employee of Defendant The Hill school for over one (1) decade.

33.    Dr. LeBlanc protested to Headmaster Dougherty at this February 24, 2012 meeting that the alleged reasons for placing her on probation were false, inaccurate, and biased.

34.    By way of example, Dr. LeBlanc was castigated in her probation letter for allegedly refusing to take on non-teaching assignments within the community.  However, as noted above, Dr. LeBlanc had been an active member at Defendant The Hill School for over ten (10) years, serving as a dorm parent, intramurals coach, working nights in the library, and doing weekend extracurricular duties with the students.

35.    Dr. LeBlanc further complained that she felt singled-out by Defendant The Hill School, and that this harassment was due to her sex and age.

36.    On March 17, 2012, Dr. LeBlanc submitted a rebuttal letter to Headmaster Dougherty, carefully responding to each point raised in the February 24, 2012 probation letter.

37.    Dr. LeBlanc stated in the very first sentence of her rebuttal letter that she felt targeted because of her sex and age.

38.    Dr. LeBlanc provided Headmaster Dougherty with several examples that formed the basis for her belief that she was being discriminated against.

39.    For example, Dr. LeBlanc stated that for the 2011-2012 academic year, the AP French course that she had taught for years had been taken away from her and given to a

younger, male teacher with less experience. She noted that she was the only member of the Modern Language Department who had been involuntarily removed from a course previously taught.

40.    Notwithstanding her feeling that she was being bullied, Dr. LeBlanc accepted the teaching assignments she was given by the Chair of the Department, Joseph Lagor, a male who is substantially younger than Dr. LeBlanc.

41.    By way of further example, Dr. LeBlanc was inappropriately criticized in her probation letter for having fewer students than other teachers within the Department. However, as she explained in her rebuttal letter, Dr. LeBlanc actually taught more students than Blair Barnes, a younger, male teacher within the Department.

42.    Dr. LeBlanc specifically noted in her rebuttal letter that she felt that the standards for men and women are different in the Modern Language Department.

43.    By way of further example, Dr. LeBlanc recounted a recent incident involving the Dean of the Faculty, Thomas Johnson, that she complained to Headmaster Dougherty about in October 2011 shortly after the incident occurred and again in her rebuttal letter. Dr. LeBlanc reiterated that earlier that school year, Mr. Johnson, who was only thirty-three (33[1]) years old, called Dr. LeBlanc into his office and asked her about her health and age. After Dr. LeBlanc responded that she was sixty-two (62) years old, Mr. Johnson replied that she "looked good for her age."

44.    Dr. LeBlanc complained to Headmaster Dougherty (in person and in writing) that Mr. Johnson's questions and comment humiliated and embarrassed her.

45.    Upon information and belief, Headmaster Dougherty never conducted an investigation into Mr. Johnson's age-based comments, never counseled or reprimanded him for

---

[1] Ages contained herein are approximates.

his conduct, and never apologized to Dr. LeBlanc for the Dean of Faculty's inappropriate behavior.

46.     Further, Headmaster Dougherty noted on February 24, 2012 that he would consider withdrawing the probation, and Dr. LeBlanc specifically requested the withdrawal in person and in writing.

47.     However, after receiving Dr. LeBlanc's March 17, 2012 rebuttal letter, Headmaster Dougherty told Dr. LeBlanc that he would not rescind the probationary status for the 2012-2013 academic year.

48.     As a result of being placed on probation, Dr. LeBlanc was ineligible for a 3% raise in her next yearly contract, which was renewed for the 2012-2013 academic year.

49.     A few months later, in or around June 2012, Headmaster Dougherty was replaced by Zachary Lehman, a forty (40) year-old man who was hired as the new Headmaster of Defendant The Hill School.

50.     Around this same time, on or about July 10, 2012, Dr. LeBlanc filed her first Charge of Discrimination with the EEOC, complaining of the acts of discrimination on the basis of age and sex as described above.

51.     Weeks later, on July 28, 2012, Dr. LeBlanc received a threatening email from Headmaster Lehman, where he noted that although Dr. LeBlanc already had a contract for the 2012-2013 school year, her employment was at-will.

52.     Headmaster Lehman further instructed that if Dr. LeBlanc did not respond to this email by 5:00pm on July 31, 2012, she would be considered to have abandoned her employment and would potentially be in breach of her contract.

53.     At that point, Dr. LeBlanc had a contract for the upcoming year and did not

indicate that she was interested in leaving her employment with Defendant The Hill School.

54.     Headmaster Lehman concluded that the school would waive its breach of contract claim against Dr. LeBlanc (which was only being discussed to intimidate Dr. LeBlanc) only if she withdrew her state and federal claims of age and sex discrimination with prejudice.

55.     Upon information and belief, no other employee of Defendant The Hill School was reminded of their at-will employment status in this way or threatened with a potential breach of contract claim.

56.     Thereafter, on or about August 20, 2012, Dr. LeBlanc filed a second Charge of Discrimination and Retaliation with the EEOC, complaining that Defendant The Hill School was retaliating against and bullying her for complaining of age and sex discrimination.

57.     Upon information and belief, no investigation was done into the complaints Dr. LeBlanc raised about discrimination and retaliation.  In fact, no representative of Defendant The Hill School, such as an employee within Human Resources ("HR"), ever interviewed Dr. LeBlanc or followed up with her about the facts she raised.

58.     Despite the acrimonious environment created by the new Headmaster, Dr. LeBlanc returned to Defendant The Hill School for the 2012-2013 school year per her contract, and was subsequently taken off of probation in or around December 2012.

59.     Throughout the 2012-2013 school year, Dr. LeBlanc was never informed that her behavior or conduct did not meet the school's expectations or requirements.

60.     On or about March 22, 2013, Headmaster Lehman called Dr. LeBlanc into his office and offered her an early retirement package.  At this point, Dr. LeBlanc was sixty-three (63) years old.

61.     Headmaster Lehman informed Dr. LeBlanc that he recently hired the wife of a

current teacher (age 38), and he wanted to hire an additional language teacher who was a young male in his late twenties, but he could not do so if Dr. LeBlanc remained with the school per her 2013-2014 contract (which was renewed for one (1) year in or around January 2013).

62.      Headmaster Lehman told Dr. LeBlanc that these two (2) younger teachers represented the "future of the school" and that Dr. LeBlanc was "in the way."

63.      Dr. LeBlanc rejected the early retirement package because she was not ready to retire, and instead notified Defendant The Hill School that she intended to return for the 2013-2014 academic year per her contract.

64.      Dr. LeBlanc told Headmaster Lehman (in person and in writing) that she felt pressured and bullied with regard to the early retirement package and Headmaster Lehman's statements that Dr. LeBlanc, an older woman, was "in the way" and not the "future of the school."

65.      Thereafter, on or about April 4, 2013, Defendant The Hill School notified Dr. LeBlanc that the school's administrative and departmental personnel concluded that it was not possible to deal directly with Dr. LeBlanc "because of her constant accusations and distortions" of communications and actions.  Accordingly, Defendant The Hill School instructed Dr. LeBlanc that all communications must take place through Defendant's HR department.

66.      Upon information and belief, no other employee of Defendant The Hill School had been placed on this type of unfair and unworkable condition.

67.      On or around April 26, 2013, Dr. LeBlanc filed a third Charge of Discrimination and Retaliation with the EEOC.

68.      Dr. LeBlanc specifically complained that she was being further discriminated against because of her age and sex and retaliated against for raising these concerns.

69.     On or about January 22, 2014, Defendant The Hill School notified Dr. LeBlanc that her contract would not be renewed for the 2014-2015 academic year.

70.     At that point, Dr. LeBlanc was sixty-four (64) years old and an employee of Defendant The Hill School for fourteen (14) years.

71.     The reasons given for not renewing Dr. LeBlanc's contract were pretextual and in retaliation against Dr. LeBlanc for engaging in protected activity.

72.     Plaintiff's sex was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, in the creation of a hostile work environment to which Plaintiff was subjected, and in the non-renewal of Plaintiff's contract.

73.     Plaintiff's age was a motivating and/or determinative factor in Defendant's discriminatory treatment of Plaintiff, in the creation of a hostile work environment to which Plaintiff was subjected, and in the non-renewal of Plaintiff's contract.

74.     Plaintiff's complaining of discrimination and a hostile work environment was a motivating and/or determinative factor in Defendant's discriminatory and retaliatory treatment of Plaintiff, in the perpetuation of the hostile work environment to which Plaintiff was subjected, and in the non-renewal of Plaintiff's contract.

75.     Defendant failed to prevent or address the harassing, discriminatory, and retaliatory conduct referred to herein and further failed to take corrective and remedial measures to make the workplace free of harassing, discriminatory and retaliatory conduct.

76.     The retaliatory actions taken against Plaintiff after she complained of discriminatory conduct would have discouraged a reasonable employee from complaining of discrimination.

77.     As a direct and proximate result of the discriminatory and retaliatory conduct of

Defendant, and the hostile work environment to which she was subjected, Plaintiff has in the past incurred, and may in the future incur, a loss of earnings and/or earning capacity, loss of benefits, pain and suffering, embarrassment, humiliation, loss of self-esteem, mental anguish, and loss of life's pleasures, the full extent of which is not known at this time.

78.     The conduct of Defendant, as set forth above, was severe and/or pervasive enough to make a reasonable person believe that the conditions of employment are altered and the working environment is hostile or abusive.

79.     The conduct of Defendant, as set forth above, was outrageous under the circumstances, was done by and with knowledge of upper management, and warrants the imposition of punitive damages against Defendant.

80.     The conduct of Defendant, as set forth above, was willful and intentional.

## COUNT I – TITLE VII

81.     Plaintiff incorporates herein by reference paragraph 1 through 80 above, as if set forth herein in their entirety.

82.     Plaintiff's sex and complaint of sex discrimination was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

83.     By committing the foregoing acts of harassment, discrimination, and retaliation against Plaintiff for complaining of sex discrimination, Defendant has violated Title VII.

84.     Said violations were willful and intentional and warrant the imposition of punitive damages.

85.     As a direct and proximate result of Defendant's violation of Title VII, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

86.     Plaintiff is now suffering and will continue to suffer irreparable injury and

monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

87.     No previous application has been made for the relief requested herein.

## COUNT II – ADEA

88.     Plaintiff incorporates herein by reference paragraph 1 through 87 above, as if set forth herein in their entirety.

89.     Plaintiff's age was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of her.

90.     By committing the foregoing acts of harassment, discrimination, and retaliation against Plaintiff on the basis of her age and complaints of the same, Defendant has violated the ADEA.

91.     Said violations were willful and warrant the imposition of liquidated damages.

92.     As a direct and proximate result of Defendant's violation of the ADEA, Plaintiff has suffered the damages and losses set forth herein and has incurred attorneys' fees and costs.

93.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory and retaliatory acts unless and until this Court grants the relief requested herein.

## COUNT III - PHRA

94.     Plaintiff incorporates herein by reference paragraphs 1 through 93 above, as if set forth herein in their entirety.

95.     Plaintiff's sex and complaint of sex discrimination was a substantial, motivating, and/or determinative factor in connection with Defendant's treatment of Plaintiff.

96.     Plaintiff's age and complaint of age discrimination was a substantial, motivating,

13

and/or determinative factor in connection with Defendant's treatment of Plaintiff.

97.     By committing the foregoing acts of harassment, discrimination and retaliation, Defendant has violated the PHRA.

98.     As a direct and proximate result of Defendant's violation of the PHRA, Plaintiff has sustained the injuries, damages, and losses set forth herein and has incurred attorneys' fees and costs.

99.     Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of Defendant's discriminatory acts unless and until this Court grants the relief requested herein.

100.    No previous application has been made for the relief requested herein.

<u>**RELIEF**</u>

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff Yvonne LeBlanc and against Defendant The Hill School.  Plaintiff seeks damages and legal and equitable relief in connection with Defendant's improper conduct, and specifically prays that this Court grant the following relief to Plaintiff by:

(a) declaring the acts and practices complained of herein to be in violation of Title VII;

(b) declaring the acts and practices complained of herein to be in violation of the ADEA;

(c) declaring the acts and practices complained of herein to be in violation of the PHRA;

(d) enjoining and permanently restraining the violations alleged herein;

(e) entering judgment against Defendant and in favor of Plaintiff in an amount to be determined;

(f) awarding compensatory damages to make Plaintiff whole for all lost earnings, earning capacity and benefits, past and future, which Plaintiff has suffered or may suffer as a

result of Defendant's improper conduct;

(g) awarding compensatory damages to Plaintiff for past and future pain and suffering, emotional upset, mental anguish, humiliation, and loss of life's pleasures, which Plaintiff has suffered or may suffer as a result of Defendant's improper conduct;

(h) awarding punitive damages to Plaintiff under Title VII;

(i) awarding liquidated damages to Plaintiff under the ADEA;

(j) awarding Plaintiff such other damages as are appropriate under Title VII, the ADEA and the PHRA;

(k) awarding Plaintiff the costs of suit, expert fees and other disbursements, and reasonable attorneys' fees; and

(l) granting such other and further relief as this Court may deem just, proper, or equitable including other equitable and injunctive relief providing restitution for past violations and preventing future violations.

**CONSOLE LAW OFFICES LLC**

Dated:      March 20, 2014                      By: _____

Stephen G. Console
Rahul Munshi
1525 Locust St., Ninth Floor
Philadelphia, PA 19102
(215) 545-7676
(215) 814-8920 (fax)

Attorneys for Yvonne LeBlanc

# EXHIBIT 1

| CHARGE OF DISCRIMINATION | | AGENCY FEPA x EEOC | CHARGE NUMBER 530 - 2012 - 03250 |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | | | |

| STATE OR LOCAL AGENCY:    PHRC | |
|---|---|

| NAME (Indicate Mr., **Ms.**, Mrs.) **Yvonne LeBlanc** | HOME TELEPHONE NUMBER (Include Area Code) |
|---|---|
| STREET ADDRESS ~~████████~~ | CITY, STATE AND ZIP **Pottstown, PA 19464** | DATE OF BIRTH |

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (if more than one than list below)

| NAME **The Hill School** | NUMBER OF EMPLOYEES, MEMBERS **~100** | TELEPHONE (Include Area Code) **610.326.1000** |
|---|---|---|
| STREET ADDRESS **717 East High Street** | CITY, STATE AND ZIP           **Pottstown, PA 19464** | COUNTY **Montgomery** |

| CAUSE OF DISCRIMINATION (Check appropriate box(es)) Race    Color   **XX Sex**    Religion    National Origin    **XX Retaliation    XX Age**    Disability    Other (Specify) | DATE DISCRIMINATION TOOK PLACE *Earliest*                          *Latest* |
|---|---|
| | **XX** Continuing Violation |

THE PARTICULARS ARE:

A.    1.  Relevant Work History

I was hired by Respondent in 2000 as a French Teacher.  While I initially reported to Glen Eshbach, Language Department Chair, in or around 2007, I commenced reporting to Joe Lagor (50),* the Language Department Chair.  Mr. Lagor reported to David Dougherty, Head Master (65), until June, 2012.  Mr. Lagor now reports Zach Lehman (40), the current Head Master. Thomas Johnson (33), the Dean of Faculty, who was hired as a teacher in 2000 and became a dean in 2011, also reported to Mr. Dougherty and currently reports to Mr. Lehman.

*All ages herein are approximate.

| XI want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements) I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. x _____ Date/  7/7/12    Charging Party (Signature) | SIGNATURE OF COMPLAINANT SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (Day Month, and year) |

**EEOC Charge of Discrimination**
**Page 2 of 4**
**Yvonne LeBlanc v. The Hill School**

Throughout my twelve (12) years of employment with Respondent, I have been a loyal, dedicated and hard-working employee. I have represented Respondent at numerous local, national, and international professional conferences. I am a recipient of a National Endowment for the Humanities seminar award and in my yearly performance reviews I consistently received positive evaluations. In Summer, 2011, I received a $10,000 summer sabbatical award to pursue my French studies and in recognition of teaching and my years of service.

2.  Harm Summary

I believe that Respondent discriminated against me based on my age and sex and combination age/sex. Evidence of discriminatory conduct includes, but is not limited to, the following:

a) I am one of the oldest of the eight (8) teachers that report to Mr. Lagor and the only one to hold a doctorate degree.

b) Mr. Lagor removed me from my Advanced Placement French course and gave this course to a substantially younger, less qualified, male teacher, who did not request to teach the same. This younger male teacher now teaches all three Advanced Placement courses in both French and Spanish. In contrast, the male Chinese teacher who has taught the Advanced Placement Chinese course since its inception has never been removed from this course, despite the fact that there was a female Chinese teacher qualified to teach the same.

c) During a conversation about my non-residential faculty responsibilities, Mr. Johnson asked me how old I was and told me that I "looked good for my age."

d) I went to Mr. Dougherty and complained to Mr. Dougherty that Mr. Johnson made age-based comments.

e) On February 24, 2012, I met with Mr. Dougherty where he informed me that I was being placed on probation for the entire 2012-2013 academic year and would not receive the base 3% raise allocated for all faculty members. I believe this letter is unfair and factually inaccurate and told Mr. Dougherty the same during this meeting.

f) On February 29, 2012, I met again with Mr. Dougherty, at which point he told me that he was open to rescinding the probation. I told him that I would write a response with documentation that would invalidate the allegations in the February 24th letter.

g) On March 17, 2012, I emailed a detailed response, with attachments, to Mr. Dougherty to rebut the February 24th probation notice that I had received. In this letter, I complained of age and sex-based discriminatory conduct.

**EEOC Charge of Discrimination**
**Page 3 of 4**
**Yvonne LeBlanc v. The Hill School**

h) I received no response to my March 17, 2012 letter, other than a brief conversation with Mr. Dougherty on or about April 5, 2012, in which he told me that he did not see any discrimination in my situation and my probation would not be rescinded.

i) To the best of my knowledge, Respondent has not investigated my complaints of age and sex-based discrimination.

j) Respondent has a pattern and practice of discriminating against employees on the basis of age and sex and combination of age/sex. Evidence of this discrimination includes, but is not limited to the following:

  i. When I commenced working at Respondent, there were nine (9) full time faculty teachers in my department, of which five (5) were female and four (4) were male. Under Mr. Lagor, for the academic year 2012-2013, there will be five (5) male faculty teachers and two (2) female faculty members – myself and an approximately twenty-five (25) year old faculty teacher.

  ii. The other two (2) female full time faculty members that are not returning to Respondent are sixty-two (62) years of age and fifty (50) years of age.

B.        1.        Respondent's Stated Reasons

          a) Respondent's alleged reason for my probation was my alleged "Refusal to Take on Assignments;" "Resistance to Undertaking Other Assignments;" and "Poor Relations with Department Chair."

          b) Respondent has not offered any further explanation of its reason for placing me on probation;

          c) Respondent's stated reasons for my probation are pretextual;

          d) Respondent has not offered any explanation for the age and sex based discriminatory treatment to which I have been subjected

          e) Respondent has not offered any explanation for the hostile work environment based on my age, sex, and a combination of age and sex to which I have been subjected;

**EEOC Charge of Discrimination**
**Page 4 of 4**
**Yvonne LeBlanc v. The Hill School**

f)  Respondent has not offered any explanation for its failure to investigate my complaints of age and sex discrimination; and

g)  Respondent has not offered any explanation for its retaliatory treatment of me.

C.          1.    Statutes and Basis for Allegations

        I believe that Respondent has discriminated against me and subjected me to a hostile work environment based on my sex (female) and my age (62) and a combination of my sex/age, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

# EXHIBIT 2

| AMENDED SECOND CHARGE OF DISCRIMINATION | AGENCY | | CHARGE NUMBER |
|---|---|---|---|
| This form is affected by the Privacy Act of 1974; See privacy statement before consolidating this form. | x | FEPA<br>EEOC | 530 -2012 -03730 |

| STATE OR LOCAL AGENCY: PHRC | | |
|---|---|---|

| NAME (Indicate Mr., **Ms.**, Mrs.)<br>**Yvonne LeBlanc** | HOME TELEPHONE NUMBER *(Include Area Code)*<br>▨▨▨▨▨▨ |
|---|---|

| STREET ADDRESS<br>▨▨▨▨▨▨ | CITY, STATE AND ZIP<br>**Pottstown, PA 19464** | DATE OF BIRTH<br>▨▨▨▨ |
|---|---|---|

NAMED IS THE EMPLOYER, LABOR ORGANIZATION, EMPLOYMENT AGENCY, APPRENTICESHIP, COMMITTEE, STATE OF LOCAL GOVERNMENT WHO DISCRIMINATED AGAINST ME (If more than one than list below)

| NAME<br>**The Hill School** | NUMBER OF EMPLOYEES, MEMBERS<br>**~100** | TELEPHONE (Include Area Code)<br>**610.326.1000** |
|---|---|---|

| STREET ADDRESS<br>**717 East High Street** | CITY, STATE AND ZIP<br>**Pottstown, PA 19464** | COUNTY<br>**Montgomery** |
|---|---|---|

| CAUSE OF DISCRIMINATION *(Check appropriate box(es))*<br>Race    Color   **XX Sex**    Religion    National Origin<br>**XX Retaliation    XX Age**    Disability   Other *(Specify)* | DATE DISCRIMINATION TOOK PLACE<br><br>*Earliest*                              *Latest*<br><br>**XX** Continuing Violation |
|---|---|

THE PARTICULARS ARE:

**A.    1. Relevant Work History**

I was hired by Respondent in 2000 as a French Teacher.  While I initially reported to Glen Eshbach, Language Department Chair, in or around 2007, I commenced reporting to Joe Lagor (50),* the Language Department Chair.  Mr. Lagor reported to David Dougherty, Head Master (65), until June, 2012.  Mr. Lagor now reports Zach Lehman (40), the current Head Master.  Thomas Johnson (33), the Dean of Faculty, who was hired as a teacher in 2000 and became a dean in 2011, also reported to Mr. Dougherty and currently reports to Mr. Lehman.

*All ages herein are approximate.

| XI want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or telephone number and cooperate fully with them in the processing of my charge in accordance with their procedures | NOTARY - (when necessary for State and Local Requirements)<br>_____<br>I swear of affirm that I have read the above charge and that it is true to the best of my knowledge information and belief. |
|---|---|
| I declare under penalty or perjury that the foregoing is true and correct. | |

| x _8/8/2012_<br>Date:                *Yvonne LeBlanc (Signature)*<br>Charging Party *(Signature)* | SIGNATURE OF COMPLAINANT<br><br>SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE<br>(Day Month, and year) |
|---|---|

**EEOC Amended Second Charge of Discrimination**
**Page 2 of 3**
**Yvonne LeBlanc v. The Hill School**

Throughout my twelve (12) years of employment with Respondent, I have been a loyal, dedicated and hard-working employee. I have represented Respondent at numerous local, national, and international professional conferences. I am a recipient of a National Endowment for the Humanities seminar award and in my yearly performance reviews I consistently received positive evaluations. In Summer, 2011, I received a $10,000 summer sabbatical award to pursue my French studies and in recognition of teaching and my years of service.

I filed a Charge of Discrimination with the EEOC on July 10, 2012 regarding the discrimination based on my age and sex and combination age/sex, to which I was subjected. A copy of that Charge was sent to Respondents on that day.

Since filing my Charge of Discrimination, I have been subjected to additional retaliatory conduct.

2.    **Harm Summary**

Evidence of Respondent's continued retaliatory conduct includes, but is not limited to, the following:

a) After I filed a Charge of Discrimination, Respondent unilaterally imposed on me additional teaching and extra-curricular responsibilities for the 2012-2013 school year. By doing so, Respondent failed to meet their obligations as set forth in my February 27, 2012 Contract.

   i.    This Contract states that any teaching and extra-curricular responsibilities would be mutually agreed upon.

b) To the best of my knowledge, Respondent has met their contractual obligations with regard to other faculty members who have not filed charges of discrimination.

c) In all the years prior to my filing a Charge of Discrimination, Respondent has met its contractual obligations in ensuring that my teaching and extra-curricular responsibilities for the upcoming year are mutually agreed upon.

d) On July 28, 2012, two weeks after I filed my Charge of Discrimination, Zachary Lehman, Headmaster of Respondent, sent me a threatening email.

   i.    In this email Mr. Lehman repeatedly stated that he required my confirmation that I would be returning for the school year. Mr. Lehman stated that if I did not confirm that I would return under the conditions unilaterally imposed upon me, I would be in breach of my contract.

**EEOC Amended Second Charge of Discrimination**
**Page 3 of 3**
**Yvonne LeBlanc v. The Hill School**

    ii.    In this email, Mr. Lehman "remind[ed me] that [my] employment is at will."

    iii.    To the best of my knowledge, Mr. Lehman did not require faculty members who did not file charges of discrimination, to confirm that they would be returning for the 2012-2013 school year.

    iv.    To the best of my knowledge, Mr. Lehman did not "remind" the faculty members who did not file charges of discrimination that their respective employments are at will.

e)    After I sent an email reply to Mr. Lehman's aforementioned email, Mr. Lehman sent me another email in which his tone was hostile and dismissive.

**B.**    **1.**    **Respondent's Stated Reasons**

    a)    Respondent has not offered any explanation for its continued retaliatory treatment of me.

**C.**    **1.**    **Statutes and Basis for Allegations**

    I believe that Respondent has discriminated against me and subjected me to a hostile work environment based on my sex (female) and my age (62) and a combination of my sex/age, and retaliated against me for complaining of the same, in violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act, as amended, 29 U.S.C. §621, *et seq.* ("ADEA") and the Pennsylvania Human Relations Act, as amended, 43 P.S. §951, *et seq.* ("PHRA").

# EXHIBIT 3

EEOC Form 161-B (10/96)

## U.S. Equal Employment Opportunity Commission

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Yvonne LeBlanc

Pottstown, PA 19464

From:  Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, PH Suite 1300
Philadelphia, PA 19107-3127

[     ]  *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR § 1601.7(a)*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2012-03250 | Legal Unit | (215) 440-2828 |

(See also the additional information attached to this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII or the ADA **must be filed in federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this Notice.** Otherwise, your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

[ X ]   More than 180 days have passed since the filing of this charge.

[     ]   Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[ X ]   The EEOC is terminating its processing of this charge.

[     ]   The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ X ]   The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN 90 DAYS</u>** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[     ]   The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Spencer H. Lewis, Jr.  District Director

3/17/14

*(Date Mailed)*

Enclosure(s)

cc:   HILL SCHOOL
Rahul Munshi, Esq. (for Charging Party)
Thomas D Rees, Esq. (for Respondent)

# EXHIBIT 4

EEOC Form 161-B (10/96)

## U.S. Equal Employment Opportunity Commission

## NOTICE OF RIGHT TO SUE (ISSUED ON REQUEST)

To:  Yvonne LeBlanc

Pottstown, PA 19464

From: Equal Employment Opportunity Commission
Philadelphia District Office
801 Market Street, PH Suite 1300
Philadelphia, PA 19107-3127

[    ]     *On behalf of person(s) aggrieved whose identity is*
           *CONFIDENTIAL (29 CFR § 1601.7(a))*

| Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2012-03730 | Legal Unit | (215) 440-2828 |

(See also the additional information attached to this form.)

NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964 and/or the Americans with Disabilities Act (ADA):** This is your Notice of Right to Sue, issued under Title VII and/or the ADA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII or the ADA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on this charge will be lost.  (The time limit for filing suit based on a state claim may be different.)

[  X  ]     More than 180 days have passed since the filing of this charge.

[     ]     Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of the charge.

[  X  ]     The EEOC is terminating its processing of this charge.

[     ]     The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):**  You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

[  X  ]     The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice.  Otherwise, your right to sue based on the above-numbered charge will be lost.

[     ]     The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of your charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that backpay due for **any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*(signature)*

3/17/14

Enclosure(s)

Spencer H. Lewis, Jr.  District Director

*(Date Mailed)*

cc:   HILL SCHOOL
      Rahul Munshi, Esq. (for Charging Party)
      Thomas D Rees, Esq. (for Respondent)